IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE SZCZEPANSKI, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-0554-MJR-PMF |
| | ) |
| BENJAMIN RATHERT, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge**:

In February 2014, Plaintiff Lawrence Szczepanski, Jr., received medical care for a broken ankle from Dr. Alberto Viloria at the Pinckneyville Community Hospital. Dr. Viloria allegedly provided Szczepanski with shoddy care, so Szczepanski sued him in state court for malpractice, and that case remains pending. Dr. Viloria was deposed as a part of the state case in late 2015, and during that deposition claimed that Dr. Benjamin Rathert also provided deficient care during Szczepanski's follow-up treatment for Szczepanski's ankle problems. In light of Dr. Viloria's testimony, Szczepanski filed suit against Dr. Rathert in Illinois state court in February 2016. That case was removed to this Court by Dr. Rathert in May 2016 pursuant to the Federal Tort Claims Act, as Dr. Rathert worked for the Christopher Greater Area Rural Health Planning Corporation during the time that he cared for Szczepanski, and the Christopher facility is a part of the Public Health Service in accordance with the Health Centers Assistance Act.

Dr. Rathert, now represented by the United States, has moved to dismiss himself from this case and have the United States substituted in his stead, and has also asked for summary judgment in his favor on exhaustion grounds. Szczepanski doesn't oppose the motion to dismiss, and in light of the United States' certification that Dr. Rathert was acting in the scope of his employment at the time of his care for Szczepanski, substitution appears proper under 42 U.S.C. § 233.

Dr. Rathert's motion for summary judgment is equally straightforward, as Szczepanski doesn't appear to have exhausted his remedies with the United States prior to filing his tort claim against Dr. Rathert, meaning that he can't yet sue given the limitations of the Tort Claims Act. The Act serves as a limited waiver of sovereign immunity, only waiving the United States' immunity to money suits when certain procedural requirements are followed before the suit starts. One of those requirements concerns exhaustion—under 28 U.S.C. § 2675, a plaintiff suing for money damages based on personal injury caused by the negligence of a United States employee can't file unless he first presents the claim "to the appropriate Federal agency" and that agency denies his claim in writing. The exhaustion requirement isn't jurisdictional, but if the defense is asserted, as it was here, the failure to exhaust pre-suit leads straight to dismissal. *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012).

Szczepanski admits that he didn't exhaust his remedies completely before he sued Dr. Rathert—he filed an administrative tort claim with the United States Department of Health and Human Services on February 2, 2016, and there has been no final ruling as of the date of the parties' summary judgment briefing. Rather than fully

concede dismissal, though, Szczepanski asks the Court to keep this federal case pending until the administrative tort claim is exhausted, and then Szczepanski can amend the operative complaint in this case to add the United States as a party defendant and add Dr. Viloria to this federal suit to get everything merits based disposed of within one case. The rub is that Szczepanski hasn't cited a single case where a federal court has effectively stayed a case pending exhaustion of an administrative tort claim, and the request flies in the face of 28 U.S.C. § 2675, which requires exhaustion before suit. *E.g.*, *McNeil v. United States*, **508 U.S. 106, 113 (1993);** *Denton v. United States*, **440 F. App'x 498, 502 (7th Cir. 2011);** *Baritsky v. United States*, **72 F.3d 132 (7th Cir. 1995).** Once more, the idea makes little sense—stays of unexhausted cases would clog the Court's docket, and the specter of those cases hanging over the United States' administrative resolution process would suggest to all involved that the statutory efforts employed by the United States to work things out between the parties are to be assumed in the mine run of cases to be fruitless. At the end of the day, because Szczepanski didn't exhaust his remedies prior to suing Dr. Rathert, his suit must be dismissed without prejudice. And because Dr. Rathert is the only defendant in this action, this case must be closed.

To sum up, Dr. Rathert's motion to dismiss himself from this suit and substitute the United States in his stead (Doc. 7) is **GRANTED**. The **CLERK** is **DIRECTED** to substitute the United States of America for Dr. Rathert. The United States' motion for summary judgment on exhaustion grounds (Doc. 6) is also **GRANTED**, and this entire case is **DISMISSED without prejudice** for failure to exhaust under 28 U.S.C. § 2675.

The United States' recent motion to stay discovery (Doc. 16) is **DENIED** as **MOOT**.  The **CLERK** is **DIRECTED** to enter judgment and then close this case.

**IT IS SO ORDERED.**

**DATED:  September 7, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**
